UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| TONY LYNN CARVER, | ) |
|     Plaintiff, | ) |
| v. | ) No. 1:16-CV-351-TWP-CHS |
| OFFICER TIMOTHY BOYD and NURSE SHELLY, | ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION**

This is a pro se prisoner's civil rights complaint filed pursuant to § 42 U.S.C. § 1983 [Doc. 2]. The Court previously entered an order screening Plaintiff's original complaint, dismissing all Defendants, and allowing Plaintiff to file an amended complaint that would supplant Plaintiff's original complaint [Doc. 6 p. 4–5]. Plaintiff has now filed an amended complaint naming Officer Timothy Boyd and Nurse Shelly as Defendants [Doc. 7]. For the reasons set forth below, however, no process shall issue and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review

under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

In his amended complaint, Plaintiff alleges that when he was brought to Bradley County Jail on September 9, 2015, he was in a wheelchair due to a broken hip [Doc. 7 p. 5]. Plaintiff states that Defendant Boyd, however, put Plaintiff in a cell and made Plaintiff get out of his wheelchair [*Id.*]. Plaintiff states that he asked Defendant Boyd to get a nurse, but Defendant Boyd did not do so [*Id.*]. Plaintiff further asserts that he therefore had to stay in bed because he was three hundred pounds at the time and could not get up, resulting in Plaintiff having to urinate on himself [*Id.*].

The next day, Defendant Boyd brought Nurse Shelly to see Plaintiff, but Nurse Shelly told Plaintiff that there was nothing wrong with him, thereby failing "to diagnose a medical condition" [*Id.*]. Plaintiff also states that, on this same day, "they" put his food three to four feet away from him where he could not get it and that the next morning, "they" set his breakfast on the door again and that he was so hungry that he pulled himself off on to the floor and dragged himself over to the food [*Id.* at 5–6]. Plaintiff further claims that on this day, at his request, Officer Boyd again had Nurse Shelly see Plaintiff, at which time Nurse Shelly once again told Plaintiff that there was nothing wrong with him, but sent Plaintiff to get an x-ray at Erlanger [*Id.* at 6]. This x-ray confirmed that Plaintiff had a broken hip [*Id.*]. Nurse Shelly then had Plaintiff put in a room in medical where the light was on twenty-four hours a day and there was no toilet or running water, which forced Plaintiff to pee in bottles, and "[t]hey" also made Plaintiff go without a shower for fifteen days [*Id.*].

First, to the extent Plaintiff seeks to hold Defendants Boyd and/or Shelly liable for his allegations that his food was placed out of his reach while he was in his jail cell and/or that he was made to go without a shower for fifteen days, he has set forth no facts from which the Court can plausibly infer that either of these Defendants was personally involved in these acts or omissions. As such, these allegations fail to state a claim upon which relief may be granted as to the named Defendants. *Frazier v. Michigan*, 41 Fed App'x 762, 764 (6th Cir. 2002) (holding that complaint failed to state a claim where it failed to specify "which of the named defendants were personally involved in or responsible for each of the alleged violations of [plaintiff's] federal rights").

Next, as to Plaintiff's allegations that Defendants Boyd and Shelly were deliberately indifferent to his serious medical need(s), a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97

3

(1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle*, 429 U.S. at 104–5. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that that acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, "[a] constitutional claim for denial of medical care has [both] objective and subjective components." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).

The subjective component requires proof that the prison official acted with deliberate indifference. *Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir. 2005), *abrogated on other grounds in Pearson v. Callahan*, 555 U.S. 223 (2009). Deliberate indifference requires more than mere negligence; it requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839–40). To prove this subjective standard, a plaintiff must allege facts sufficient to establish that the defendant: (1) "perceived the facts from which to infer substantial risk to the prisoner," (2) "did in fact draw the inference;" and (3) "then disregarded that risk." *Id.* at 591 (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition" is insufficient to support claim for deliberate indifference to a prisoner's serious medical needs under the Eighth Amendment, however, as "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 107. Accordingly, where a prisoner receives some medical care and the dispute is over its adequacy,

4

"federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Plaintiff's amended complaint does not set forth any facts that allow the Court to plausibly infer that Defendant Boyd or Defendant Shelly perceived facts from which they should have known of a substantial risk to Plaintiff. While Plaintiff states that Defendant Boyd took him to a cell and made him get out of his wheelchair and that he asked Defendant Boyd to get a nurse, nothing in the amended complaint suggests that Plaintiff told Defendant Boyd anything that would have indicated that Plaintiff was subject to any substantial risk requiring immediate or expedited medical care. Thus, the Court cannot plausibly infer that Defendant Boyd perceived and disregarded any substantial risk to Plaintiff. Accordingly, the amended complaint fails to state a claim for deliberate indifference in violation of the Eighth Amendment as to Defendant Boyd and he will be **DISMISSED**.

Further, as to Defendant Shelly, Plaintiff's amended complaints seeks to hold Nurse Shelly liable for her failure to properly diagnose his broken hip, an allegation which is insufficient to state a claim under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment"). Moreover, while Plaintiff also appears to fault Nurse Shelly for the fact that, after his x-ray showed that he had a broken hip, she placed him in a room in medical where a light was on twenty-four hours a day and where he did not have a toilet and therefore had to urinate in bottles, Plaintiff has not set forth any facts from which the Court can plausibly infer that Nurse Shelly was in any way involved in or responsible for these alleged temporary conditions of confinement.

Accordingly, for the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, the Court finds that it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED**.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.

**AN APPROPRIATE ORDER WILL ENTER**.

**E N T E R :**

                                                s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE